Francis A. Smith and C. J. Smith, Appellants, *v.* William S. G. Shields.

*Watercourse—Charge of court.*

Where an upper riparian owner claims damages from a lower riparian owner for injuries caused by the backing up of water on his lot, and the court carefully charges the jury that if the lower owner prevented the water from flowing away, so that it was dammed up on the plaintiffs' premises, the plaintiffs are entitled to a verdict, the Supreme Court will not reverse the judgment entered on a verdict for defendant.

*Verdict—Effect of verdict.*

A verdict for defendant embraces a finding that the filling up of his lot had nothing to do with the accumulation of water on plaintiffs' place, the court having charged the jury to find for plaintiffs, if such filling did prevent the water from escaping.

Argued Jan. 19, 1900. Appeal, No. 247, Jan. T., 1899, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1896, No. 226, on verdict for defendant. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass to recover damages for the alleged obstruction of a watercourse. Before WILLSON, J.

The court charged in part as follows:

The plaintiffs say that this stream of which I have spoken had an unobstructed course and ran out freely from their premises and further on until the time when the defendant began to fill up his lot. They say that there was a trunk, sluice, or something of the sort underneath the level of the structure or bed of Forty-sixth street; that that was open, and that the water passed through it on to the property belonging to the defendant, but that when he began to fill up his lot the water stopped flowing and began to dam up on the west side, the plaintiffs' side, of Forty-sixth street, and that the damages which they claim to have suffered arose from that cause. If the evidence has satisfied you that that passageway under Forty-sixth street was opened and unobstructed, and that there was a way for the water to flow out and across the defendant's premises

and on to a proper destination, and that the defendant, by filling up his lot, cut off that natural course of the water and prevented the water from flowing away, so that it was dammed up upon the plaintiffs' premises, then the plaintiffs are entitled to a verdict for whatever is proper compensation for them. On the other hand, [if that passageway under Forty-sixth street was choked up by some other cause, and in consequence of the failure of somebody to clean it out, or by the lapse of time by reason of the rottenness coming to the structure, it became obstructed so that the water could not flow and did not flow—if that was the reason why this water was accumulated upon the premises of the plaintiffs, then they have no right to ask the defendant to pay them a dollar, because in that case the defendant is not at fault, and though it may have happened that about the same time he filled up his lot, that would have nothing to do with the case, provided the obstruction to the flow of the water was an obstruction with which he had nothing to do, was one which arose from the failure of the sluiceway or the trunk under the bed of Forty-sixth street to perform the duty which it was originally designed to do.] [3]

So also, gentlemen, if you are of the opinion upon the evidence that, without any co-operation on the part of the defendant, without his contribution to such a result, the stream was intercepted, cut off, below, on the line of Forty-fifth street, for instance, so that there was no way for the water to get out past that point, I say if there was an obstruction there, caused either by there being no pipe or sluice put under Forty-fifth street, or because it did not work to discharge the water which accumulated above, and there was no opportunity for the water to escape—if that was the state of facts and the defendant did not produce that obstruction at that point, then, in my judgment, he was not responsible to the plaintiffs if that was the reason for the accumulation of water upon their premises. [I do not think that the defendant was bound to furnish his lot for a dumping ground, so to speak, for the water which came from the plaintiffs' lot. I do not think he was bound to allow a pool to form there for the water which gathered on the plaintiffs' premises, when there was no opportunity for that water to escape. I do not mean to say that if there had been an opening, if there had been a pipe running out from his premises

towards the east, which had become temporarily obstructed, and he could have removed that obstruction so that the water would have flowed away, he would not have been bound to do that. I think he would. But if the escape of that water was cut off by somebody else, by some other cause with which he had nothing to do, which was not trivial in its character so that he could easily remove it, and the accumulation of water upon the plaintiffs' premises resulted from that cause, or from anything which occurred by reason of his filling up his premises afterward, I do not think he would be responsible.] [1]

I think you understand what I mean to say to you. The plaintiffs' right to recover against the defendant rests entirely upon the defendant's active contribution towards the stopping of the flow of water from the plaintiffs' premises to points below. What the defendant was bound to give to the plaintiff was simply an opportunity for the water which flowed through the plaintiffs' premises to flow through his, that is, the defendant's premises. He was not bound to take care of it; he was not bound, as I have said, to clean it out, and not bound to do anything but simply to allow the water to pass over in a natural way. [And if that was prevented by some other cause, by somebody failing to clean out the duct under Forty-sixth street, or by the creation of some obstacle on the line of Forty-fifth street or thereabouts, which prevented the escape of the water, and in consequence of any such a case the plaintiffs were injured, the defendant is not responsible.] [2]

As to whether or not there was an obstruction of this sluice under Forty-sixth street, the plaintiffs say that the water flowed through freely. The defendant denies it and calls several witnesses to the above point. It is true that the witnesses did not all say that they had examined it carefully, but perhaps what they say, if you think their statements are true, is just as significant. A witness comes and says that he did not examine to see whether there was any pipe or sluice there, but he says that at the time he went there, which was, as I understand it, before the filling was done by the defendant, he saw a pool of water on the west side of Forty-sixth street, a considerable pool of water. It is pertinent to inquire, if that is true, how that pool of water got there if the sluice was open so that the water could escape on to the defendant's premises. I do not think,

so far as the facts of the case are concerned, that I need dwell any longer upon them. I have aimed simply to state to you general principles rather than analyze the evidence and give it to you in detail. If you should be of the opinion that the defendant had nothing to do with causing the injury to the plaintiffs' property, that it came from causes over which the defendant had no control, which he did not bring about, that is, [if it came from an obstruction to the waterway under the line of Forty-sixth street, or because there was no waterway on the line of Forty-fifth street, then your verdict ought to be for the defendant.] [4] In that case it would be very unjust to hold him responsible, no matter how serious the injury may have been to the plaintiffs. If, on the other hand, you should be of the opinion that there was a free passage way for this water under Forty-sixth street and under Forty-fifth street, but that the defendant choked it up, prevented the water from escaping by filling up his lot, so that the water could not get away, the plaintiffs would be entitled to a verdict for a reasonable sum, whatever would justly compensate them for their injuries. That would include their reasonable expenses in their efforts to overcome the injury, and about that they have given you certain figures which I need not go over and review in detail. . . .

The first question to be taken up is, is the defendant answerable? Is he liable to the plaintiffs for damages in this case? That is the first question to be considered. If, after a fair consideration of the case, you reach the conclusion that he is, then you will have to take up the question as to how much the plaintiff should receive, and settle that according to the principles which I have indicated to you. [If, on the other hand, in view of what I have said and in view of what the evidence induces you to believe, you should be of the opinion that the defendant is not answerable in this case, ought not to be held responsible-then your verdict ought to be in favor of the defendant.] [5]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*J. Martin Rommel*, for appellants.—The plaintiffs had the absolute right to discharge upon the defendant's land the waters

which by nature rose in, flowed or fell upon their ground: Rhoads v. Davidheiser, 133 Pa. 226; Sharpe v. Scheible, 162 Pa. 341; Wier v. Plymouth, 148 Pa. 566; Martin v. Riddle, 26 Pa. 416.

A diversion of a water course without actual injury to a riparian owner legally imports damages, because it is an infringement of a right: Angell on Water Courses, sec. 135.

The diversion of water of an upper riparian owner, to an extent materially lessening its flow, even without actual injury to the lower riparian proprietor, legally imports a damage, as it is an infringement of a right; and if no other damage be established, the party whose right is thus infringed is entitled to nominal damages: Clark v. R. R., 145 Pa. 438; Hogg v. Water Co., 168 Pa. 460.

*A. S. L. Shields,* for appellee.—The charge of the learned trial judge was full and adequate, and not misleading; and there is no merit in any of the specifications of error when the language contained in them is construed in connection with the other portions of the charge: Bierer v. Hurst, 155 Pa. 523.

Even if it be admitted that there was error in the charge of the learned trial judge, no injury was done thereby to the plaintiffs, because they had failed to show that the defendant was chargeable with anything more than a proper and reasonable use of his lot; and consequently they had failed to establish any right to recover against him: Kauffman v. Griesemer, 26 Pa. 407; Young v. Leedom, 67 Pa. 351; Davidson v. Sanders, 1 Pa. Superior Ct. 432; McMahon v. Thornton, 5 Pa. Superior Ct. 495; Penna. Coal Co. v. Sanderson, 113 Pa. 126; Penna. R. Co. v. Marchant, 119 Pa. 541; Del. & Hud. Canal Co. v. Goldstein, 125 Pa. 246; Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209; Miller v. Laubach, 47 Pa. 154; Rhoads v. Davidheismer, 133 Pa. 226; Meixell v. Morgan, 149 Pa. 415; Gregory v. Bush, 64 Mich. 37; Horton v. Sullivan, 97 Mich. 282.

Even if it be admitted that the defendant had no right to fill in his lot if the flow of water from the plaintiffs' premises was obstructed thereby, he is, nevertheless, not liable to the plaintiffs, because the filling in was done, not of his own motion, but by order of the board of health: Bierer v. Hurst, 155 Pa. 523; Newark & South Orange Horse Car Co. v. Hunt, 50 N. J. Law,

308; Green v. Mayor, 6 Ga. 1; Rochester v. Simpson, 134 N. Y. 414; Kennedy v. Board of Health, 2 Pa. 366; Phila. v. Provident Life & Trust Co., 132 Pa. 224.

Plaintiffs' right of action is not against the defendant, but against the city, which alone is liable for the obstruction, either because of its negligence in obstructing the natural drainage by opening Forty-fifth street without providing an outlet underneath it, or because of its negligence in allowing the trunk under Forty-sixth street to decay and fall in, so as to create an obstruction there: Conniff v. San Francisco, 67 Cal. 45; Edwards v. Peoria, 66 Ill. App. 68; Kemper v. Louisville, 14 Bush. (Ky.) 87; Rose v. St. Charles, 49 Mo. 509; Haynes v. Burlington, 38 Vt. 350; Smith v. Alexandria, 33 Gratt. (Va.) 208.

OPINION BY MR. CHIEF JUSTICE GREEN, Feb. 19, 1900:

The great difficulty with the plaintiffs' case is the verdict of the jury. The learned trial judge in a charge that was exceedingly lucid and entirely correct, submitted to the jury the question whether the filling up of the water on the plaintiffs' lot was due to any act of the defendant, and charged that if it was, the plaintiffs were entitled to recover. Thus he said, "The plaintiffs say that their stream of which I have spoken, had an unobstructed course, and ran out freely from their premises, and further on, until the time when the defendant began to fill up his lot. They say that there was a trunk, sluice or something of the sort, underneath the level of the structure or bed of Forty-sixth street; that that was open, and that the water passed through it on to the property belonging to the defendant, but that when he began to fill up his lot the water stopped flowing and began to dam up on the west side, the plaintiffs' side of Forty-sixth street, and that the damages which they claim to have suffered arose from that cause. If the evidence has satisfied you that that passageway under Forty-sixth street was opened and unobstructed, and that there was a way for the water to flow out and across the defendant's premises, and on to a proper destination, and that the defendant by filling up his lot cut off the natural course of the water, and prevented the water from flowing away, so that it was dammed up upon the plaintiffs' premises, then the plaintiffs are entitled to a verdict for what-

ever is proper compensation for them." In view of the cause of action set forth in the plaintiffs' statement of their claim, it is difficult to see how a fairer presentation of it could be made and submitted to the jury for their determination. The statement, after describing the water course, thus set forth the cause of action, " That in violation of the rights of the plaintiffs, the defendant, about the month of November, 1894, began and has since continued to fill in the said tract owned by him on the east side of Forty-sixth street, and thereby closed the aforesaid water course; that as a result thereof the surface water and spring water aforesaid collected upon and overflowed a large portion of the plaintiffs' tract, there being no other outlet for the same; that in consequence thereof the plaintiffs were obliged to expend large sums of money," etc. Comparing the charge with the statement it will be perceived that the very precise injury of which the plaintiffs complain was embodied in the charge, and the learned trial judge directed the jury that if they were satisfied that the evidence established the fact that the injury complained of was inflicted by the act of the defendant, the jury should find for the plaintiffs. But the jury found a verdict for the defendant, and thereby found that the injury complained of was not caused by the act of the defendant, and thus that question, a pure question of fact, was conclusively determined against the plaintiffs. The court below and this Court are bound by the verdict, and must proceed upon the assumption that the acts of the defendant did not cause the backing and filling of the water of the stream upon the plaintiffs' land.

To escape the result of this finding the plaintiffs present several assignments of error which they argue raise two propositions, and these are stated in this way: " 1. Did the stoppage of the water course by a lower riparian owner (assuming such to be the fact) justify the defendant in filling up that portion of the water course which crossed his property and thus prevent the natural flow of the water from the plaintiffs' property to the defendant's property." To this question the defendant might well reply that, whether he was justified or not in filling up on his own land is a matter of no consequence to the plaintiffs, since the jury has found that the defendant did not " thus prevent the natural flow of the water from the plaintiffs' property." No doubt the defendant felt that he had no discretion in the

matter, as he had received positive orders, several times repeated, from the proper health department of the city government, that he must fill up the ravine on his property, because of the accumulation of foul water thereon; but whatever might be the state of facts connected with that subject, the jury has finally determined that the filling done by the defendant on his property did not cause the injury of which the plaintiffs complain.

The second proposition is thus stated: "2. Assuming that the sluice or opening under Forty-sixth street had become clogged up before the filling in of the water course by the defendant, did that justify the defendant in permanently filling in the water course where it crossed his property, without leaving a means of escape of the water from the plaintiffs' property, if the obstruction in the sluice should subsequently be removed?" To this the defendant could very readily reply that his personal justification for doing what he did was not a material question at issue in the case, and that in point of fact he did leave ample means of escape for any water that might come from the plaintiffs' land, by the manner in which he put in his filling and gave full testimony on that subject, but that whether that was so or not the jury has found that it was not the filling up on defendant's lot that caused the swelling of the water on the plaintiffs' lot. The proposition assumes as true a disputed fact which was found by the jury against the plaintiffs, to wit: that the defendant permanently filled the water course over his own land without leaving a means of escape of the water from the plaintiffs' land. The learned court below left this question to the jury distinctly in the following part of the charge, to wit: "If on the other hand, you should be of the opinion that there was a free passage way for this water under Forty-sixth street and under Forty-fifth street, but that the defendant choked it up, prevented the water from escaping by filling up his lot so that the water could not get away, the plaintiffs would be entitled to a verdict for a reasonable sum, whatever would justly compensate them for their loss." The antithesis of this proposition, as presented to the jury in the immediately preceding sentence of the charge, proves just as strongly that the verdict determined the entire absolution of the defendant for all responsibility for the injury of which the plaintiffs complain. The court charged: "If you should be of the opinion that the de-

fendant had nothing to do with causing the injury to the plaintiffs' property, that it came from causes over which the defendant had no control, which he did not bring about, that is, if it came from an obstruction to the water way under the line of Forty-sixth street, or because there was no water way on the line of Forty-fifth street, then your verdict ought to be for the defendant. In that case it would be very unjust to hold him responsible, no matter how serious the injury may have been to the plaintiffs." Under the charge it is manifest that the jury could not find in favor of the defendant without exonerating him entirely from all agency in causing the injury to the plaintiffs, whether by filling up his own lot so as to prevent the water escaping over it, or by any kind of obstruction to the sluice under the plaintiffs' land. We think the learned trial judge carefully guarded every right of the plaintiffs to recover, and committed no error in defining the circumstances in which the jury might find either for the plaintiffs or the defendant. The authorities cited for the plaintiffs were not at all impinged upon by anything contained in the charge, and the verdict was entirely within the limitations of the facts and the law applicable to the case. The assignments of error are all dismissed.

Judgment affirmed.